IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAPHAEL AWINO | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-08-CV-0667-M |
| | § | |
| WARDEN JILL WATSON, ET AL. | § | |
| | § | |
| Respondents. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

On April 17, 2008, Raphael Awino, a native and citizen of Tanzania, filed an application for writ of habeas corpus challenging, *inter alia*, his continued confinement in immigration custody pending removal from the United States. Unable to decipher the precise nature of his claims, the court sent written interrogatories to petitioner at the Rolling Plains Detention Center--the address provided in his initial pleading. On May 9, 2007, the unopened envelope containing the interrogatories was returned to the clerk with the notation, "Return to Sender. No Longer at Rolling Plains Detention Center." The court now determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

-1-

II.

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.; see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

The court sent written interrogatories to petitioner at the Rolling Plains Detention Center--the only address provided by him. However, petitioner is no longer incarcerated at that facility and has not provided the court with his current address. Without this information, the court cannot communicate with petitioner and this litigation cannot proceed. Dismissal is the only option available under the circumstances. *See Weatherspoon v. Ahmed*, No. 3-07-CV-0369-K, 2007 WL 1062162 at *1 (N.D. Tex. Apr. 10, 2007) (dismissing complaint for failure to provide court with current address); *Blackmon v. Texas Board of Pardons and Paroles*, No. 3-04-CV-1520-N, 2004 WL 1809746 at *1 (N.D. Tex. Aug. 12, 2004), *rec. adopted*, 2004 WL 2049218 (N.D. Tex. Sept. 3, 2004) (same).

## RECOMMENDATION

This case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  May 20, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE